GEORGE W. BARTCH AND OTHERS, COMPLAINANTS, *v.*
H. V. MELOY, RESPONDENT.

STATUTORY CONSTRUCTION. — IMPLIED REPEAL. — SUBSTITUTION. —
Where a law is passed as a substitute for a prior enactment,
covering the whole subject of the former law, the latter is
repealed without express words of repeal.

ID.— ID.— INCONSISTENT LAWS.— Where a subsequent statute is so
repugnant to a former one that the two cannot be construed
reasonably together, the former statute is repealed by im-
plication.

ID.— EXPRESS REPEAL.— A clause of an act which by general
words repeals all acts and parts of acts which provide for
holding elections otherwise than as in the said act stated,
repeals the former act or acts in regard to elections by express
words and not by implication.

ELECTIONS. — SELECTMEN. — HOLDING OVER. — STATUTORY CON-
STRUCTION.— Section 177, 1 Comp. Laws, 1888, provided that
at the general election in 1889, and biennially thereafter, two
selectmen should be elected. In 1892, a statute was passed
providing for a general election in November, 1892, for all
territorial, county and precinct officers, and that the officers
so elected should take office on the first day of January after
election; that the terms of incumbents should extend to Janu-
ary 1, 1893; two selectmen were elected in 1891, and at elec-
tion under new law in 1892 two other selectmen were elected;
*held* (1) That the second act repealed the first; (2) That the
second act shortened the term of selectmen in office; (3) That
the selectmen elected in 1892 were entitled to the office on
January 1, 1893; (4) That the second act applied not only to
extend the terms of incumbents whose terms ceased before
January 1, 1893, but also to curtail the terms of those incum-
bents who held beyond January 1.

*Messrs. Brown and Henderson* and *Mr. Frank Hoff-
man,* for the complainants.

*Messrs. Loofbourow and Kahn* and *Mr. Orlando W. Powers,* for the respondent.

BLACKBURN, J.:

This is a proceeding in mandamus to compel the defendant, the county clerk, to act as clerk for and recognize the county court of Salt Lake county, composed of G. W. Bartch, probate judge, Harvey Hardy and John Butter and J. F. Cahoon, selectmen. The defendant claims that the terms of Harvey Hardy and John Butter have expired, and they are no longer members of the county court, and that Herman Bamberger and Joseph R. Morris, along with said Bartch and Cahoon, constitute the lawful and only county court of Salt Lake county. The controversy arises in this way: Section 177 of the Compiled Laws of 1888 provides, among other things, " that at the general election to be held in the year 1889, and biennially thereafter, two selectmen shall be elected in each county of this Territory, whose term of office shall be two years." In 1891, Hardy and Butter were duly elected and qualified as selectmen, and have served as selectmen since their election and qualification. In 1892, the legislature passed a law (Sess. Laws 1892, p. 27) providing (§ 1) "that on the Tuesday next after the first Monday in November, 1882, and biennially thereafter, a general election shall be held throughout the Territory for the election of territorial, county, and precinct officers, who are by law herein or may be made elective; and all such officers so elected shall qualify and enter upon the duties of their respective offices on the 1st day of January next succeeding their election, and continue in office two years, and until their successors are duly elected and qualified," etc. Section 2: "That the official term of the present incumbent of any of the offices mentioned in the foregoing section, except county collectors (whose term shall continue to June 1, 1893), shall extend to the 1st day of January, 1893, and until their

successors are .duly elected and qualified, but not longer."
Section 5: "That all acts and parts of. acts, in so far as
they provide for the holding any election to fill any of the
offices mentioned in this act (other than special elections
to fill vacancies), or in any manner fixing the tenure of
such offices, otherwise than in this act provided, are hereby
repealed." Hardy and Butter claim they were elected
under the law of 1888, and claim they are entitled to hold
their offices for the term of two years, which time has not
expired. Bamberger and Morris claim that the law of 1892
abrogates the law of 1888, and that they were duly elected
under the law of 1892, and were entitled on the 1st day
of January, 1893, to qualify and assume the duties as
selectmen of Salt Lake county; and this suit is brought to
determine whether Hardy and Butter or Bamberger and
Morris are the legal selectmen of Salt Lake county.

If the law of 1892 repeals, by implication or substitution
or by express words, the law of 1888, in that case Bam-
berger and Morris are the legal selectmen of Salt Lake
county. I think the law of 1888 is repealed by the law
of 1892.

1. When a law is passed as a substitute for a prior
enactment, covering the whole subject of the former law,
the former one is repealed, without expressed words.
Suth. St. Const. § 143. And the law of 1892, by its very
terms, covers the election of selectmen and their tenure of
office.

2. Where a subsequent statute is so repugnant to a for-
mer one that the two cannot be construed reasonably
together, the former one is repealed by implication. I
think that these two statutes—the acts of 1888 and 1892—
are so repugnant on the question of the election of. select-
men, and when their term of office shall terminate, that
they cannot be construed together, and the former one is
repealed. The statute of 1888 provides that two selectmen,
at the general election to be held in the year 1889, and

biennially thereafter, shall be elected, whose terms of office shall be two years. The election of selectmen under the law of 1892 shall be in November, 1892, at the general election, and they shall hold their offices for two years. These provisions are in direct conflict. Under the former law, the election is to be held in odd years; in the latter law, in even years. If the selectmen elected in 1891 hold two years under the former law, those elected under the late one cannot be installed until more than a year after they are elected. The two enactments are wholly inconsistent, and repugnant, and therefore the former one is repealed by the latter.

3. We need not resort to substitution or repeal by implication, for the act of 1892 contains a repealing clause expressly repealing the act of 1888. The repealing clause is as follows: "That all acts or parts of acts, in so far as they provide for holding elections to fill any of the offices mentioned in this act, or in any manner for fixing the tenure of such offices, otherwise than as in this act provided, are hereby repealed." All that part of the law of 1888 that provides for the election of selectmen and their term of office is expressly repealed. Therefore we hold that the law of 1888, that provides for the election of selectmen and their term of office is repealed; and, there being no law in existence under which Hardy and Butter can continue in office, their term of office has expired; and that Bamberger and Morris are the selectmen *de jure* of Salt Lake county. The peremptory writ of mandamus is denied.

ZANE, C. J., and MINER, J., concurred.